IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

DWAYNE PARQUETTE,

    Petitioner,

vs.

UNITED STATES OF AMERICA,

    Respondent.

CIVIL ACTION NO.:CV205-247

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Dwayne Parquette, an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"), has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent has filed a Response. For the following reasons, the petition should be **DISMISSED**.

## STATEMENT OF THE CASE

On April 1, 2003, Petitioner was arrested by the Jefferson Parish, Louisiana Sheriff's Office for possession with intent to distribute oxycontin. On December 30, 2003, the U.S. District Court for the Eastern District of Louisiana issued an arrest warrant for Petitioner for violation of supervised release based upon the April 1 arrest and Petitioner's failure to make restitution payments. The warrant was lodged as a federal detainer with Louisiana state authorities and Petitioner was taken by the United States Marshal Service on a writ of habeas corpus ad prosequendum. Petitioner subsequently pled guilty to violating his

AO 72A
(Rev. 8/82)

supervised release and on November 5, 2004, he was sentenced to 18 months' incarceration and then returned to the custody of state authorities. On December 29, 2004, Parquette was released by the state of Louisiana by diminution of sentence. He was turned over to the United States Marshal Service pursuant to the federal detainer and he arrived at FCI Jesup on March 11, 2005.

Petitioner contends that he is eligible for credit for time served in Louisiana state facilities while under the federal detainer. Petitioner alleges that because the state charge against him was a bondable offense, his confinement in state facilities should be treated as equivalent to federal confinement. Respondent contends that Petitioner is not entitled to relief because he has failed to exhaust his administrative remedies. Respondent further contends that Petitioner has been granted all appropriate credit for time served by the Bureau of Prisons.[1]

## DISCUSSION AND CITATION OF AUTHORITY

"[P]risoners seeking habeas relief, including relief pursuant to [28 U.S.C.A.] § 2241," must exhaust all available administrative remedies. Skinner v. Wiley, 355 F.3d 1293, 1295 (11th Cir. 2004). If a Petitioner fails to exhaust his administrative remedies before seeking redress in the federal courts, the court should dismiss the case for want of jurisdiction. Winck v. England, 327 F.3d 1296, 1300 n.1 (11th Cir. 2003) (citing Gonzalez v. United States, 959 F.2d 211, 212 (11th Cir. 1992)). "Also jurisdictional is '[t]he general rule . . . that a challenge to agency actions in the courts must occur after available administrative

---

[1] Respondent also correctly notes that Petitioner has improperly named the United States of America as the respondent. The Warden at FCI Jesup is the only proper respondent. See Rumsfeld v. Padilla, 542 U.S. 426, 434-35, 124 S. Ct. 2711, 2717-18 (2004) ("the proper respondent is the warden of the facility where the prisoner is being held"). This Court will nonetheless address the failure to exhaust issue raised by the Government's Response.

2

remedies have been pursued.'" Id. (quoting Boz v. United States, 248 F.3d 1299, 1300 (11th Cir. 2001)).

The responsibility for computing a sentence lies with the BOP. Gonzalez, 959 F.3d at 212. "The Bureau of Prisons has established regulations that set forth the procedures that a prisoner must follow before seeking relief from a district court." Id. According to these regulations, an inmate should first file a grievance with the Warden. 28 C.F.R. § 542.14(a). If the inmate is not satisfied with the Warden's response, he may file an appeal with the Regional Director. 28 C.F.R. § 542.15(a). Finally, if the inmate is not satisfied with the Regional Director's response, he can file an appeal with the General Counsel for the Federal Bureau of Prisons. Id.

In this case, Petitioner filed no administrative remedies before seeking relief before this Court. (Doc. No. 7, Ex. 7). Because Petitioner has not complied with the BOP's established procedures for seeking an administrative remedy, this Court is without jurisdiction to entertain his petition.

## CONCLUSION

Based on the reasons stated above, it is my **RECOMMENDATION** that the Petition for Writ of Habeas Corpus be **DISMISSED**, without prejudice, as Petitioner has failed to exhaust his administrative remedies.

**SO REPORTED AND RECOMMENDED**, this 11th day of September, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)